RAMSDELL V. DUXBERRY.

1. A party given the right of appeal from the judgment on the judgment roll may take it without bringing up in the abstract of the record the proceedings on the motion for new trial, if he deems proper.

2. An order denying a motion to vacate the judgment and for a new trial is not *res judicata*, precluding disturbance of the original judgment on appeal from it alone; no motion for a new trial being necessary to a review thereof.

3. Failure to index appellant's abstract, caused by the absence of his attorney from the state while it was being printed, is not cause for striking it out; the inadvertence being immediately remedied before the hearing by serving and filing a new abstract, properly indexed.

4. A party having elected to begin action in justice court, the cause cannot be transferred by stipulation to the circuit court, so as to confer jurisdiction; the law providing no method for removal, except when a question of boundaries or title to land is raised by the answer, or an appeal after judgment, dependent on a notice and undertaking, which cannot be waived.

5. Without the issuance of a summons, which Comp. Laws, §§ 4892, 4893, 4904, provide shall be served in commencing a civil action in the circuit court, except in the case of defendant's voluntary appearance, which is declared to be equivalent to personal service thereof, such an action could not be instituted by stipulation, so as to confer purisdiction, there being no statute providing therefor; Sections 5540-5542, authorizing submission, without a summons, of a case on an agreed statement of facts, having no application thereto.

(Opinion filed February 12, 1901.)

Appeal from circuit court, McCook county, HON. JOSEPH W. JONES, Judge.

Action by H. A. Ramsdell against Hartwell Duxberry. From a judgment for plaintiff, defendant appeals. Reversed, and dismissal of the action directed.

The facts are stated in the opinion.

*J. N. Crow* and *J. L. Hannett*, for appellant.

Parties to an action in justice court cannot on appeal to the circuit court , by stipulation waive notice of appeal and the giving of the undertaking required by law. Brown v. Brown, 12 S. D. 380, 81 N. W. 627; Erpenbach v. Railway Co., 11 S. D. 201.

The fact that the parties appeared in the circuit court and tried the cause without objection, did not have the effect of conferring jurisdiction upon the circuit court to hear and determine said action. An action can only be commenced in the circuit court by the issuance of a summons. Comp. Laws, § 4892.

*E. H. Wilson*, for respondent.

The voluntary appearance on the part of the appellant in going to trial without any objection cures the defect of a summons, and that the appellant was before the court and that the court had jurisdiction of the person and a right to hear and determine the cause as it did, unless there was some timely objection made. 2 Ency. Pl. & Pr. 644; McIntyre v. Southern Railroad 35 Pac. 991; Houghton v. Dymont, 37 Pac. 1052; Merchants Bank v. Noll, 70 N. W. 247; Hays v. Shattuck, 21 Cal. 52.

CORSON, J. This is an action originally commenced in a justice's court to recover damages for the alleged conversion of personal property. The summons was in the usual form. A complaint, answer and replication were filed in the justice's court. On the re-

turn day of the summons, without proceeding to trial on the issues raised by the pleadings, counsel for the respective parties stipulated that the said action should be transferred to the circuit court of McCook county, and that it should be tried therein the same as an appeal case, and that the stipulation should be considered as having the same force and effect as a notice of appeal and undertaking duly given, and the fact of none being given should be waived, and that the said cause should stand for trial on the call of the calendar with the same force and effect as if the said action had been brought there upon notice of appeal and undertaking being given as required by law, and that no motion should be made to dismiss the appeal, etc. Thereupon the justice transmitted the transcript of his record, with the pleadings, to the circuit court, where the case was tried before a jury without objection by either party, and verdict rendered in favor of the plaintiff, and from the judgment the defendant has appealed to this court.

Before proceeding to discuss the merits of the case it will be necessary to dispose of certain motions made on the part of the appellant and the respondent. The respondent has sought to bring before the court, by an additional abstract, what purport to be the proceedings on the motion for a new trial had in the court below. The appellant has moved to strike out said amended abstract for the reason that the proceedings had on the motion for a new trial are no part of the record of this case, as no appeal has been taken from the order denying the motion, and the appellant relies wholly upon errors appearing in the judgment roll for a reversal of the same. We are of the opinion that this motion should be granted. A party is given the right of appeal from the judgment upon the judgment roll, and he may take such an appeal without bringing up the proceedings on the motion for a new trial, if he deems it proper to do

so. In this case the plaintiff claims that the circuit court had no jurisdiction to try the case, and that the question of whether or not that court had such jurisdiction may determined from the judgment roll itself.

It is contended on the part of the respondent that as the court below denied the motion to vacate the judgment and for a new trial, and no appeal having been taken therefrom, that order is res adjudicata, and that this court cannot now disturb the original judgment. This position is not tenable. No motion for a new trial was necessary in the court below in order to enable this court to review the judgment, and hence the decision of the court upon the motion for a new trial cannot affect the proceedings in this court. The respondent's amended abstract, therefore, must be stricken from the record.

Respondent has also moved to strike out the appellant's abstract on the ground that the abstract, as served, contained no index to the same. It seems from the showing made on the part of the appellant that the failure to annex an index to the abstract was caused by the absence of his attorney from the state while the abstract was being printed, and was an inadvertence which was immediately remedied by serving and filing new abstracts, properly indexed. As the appellant has shown a sufficient excuse for his failure to annex an index to the original abstract, and before the hearing served and filed abstracts properly indexed, the motion to strike out the abstract is denied. This brings us to the merits of the case.

It is contended on the part of the appellant that: "(1) There was no notice of appeal, and notice of appeal from the justice's court to the circuit court cannot be waived by the parties to an action, so as to confer jurisdiction upon the circuit court. (2) There was no undertaking on appeal from said justice's court to the

circuit court, and the parties to an action in the justice's court cannot confer jurisdiction upon the circuit court by waiver of an undertaking on appeal. (3) The parties to an action pending and at issue in the justice's court cannot by stipulation confer jurisdiction upon the circuit court, and thereby transfer the cause from the court in which it is pending to the circuit court, so as to confer jurisdiction upon the court to which it is so transferred. (4) An action properly commenced and pending in the justice's court cannot be removed to the circuit court, so as to confer on said circuit court jurisdiction of the subject matter of said action, unless a final judgment is rendered in said justice's court, and an appeal taken therefrom in the manner provided by law, except where the title of real estate is brought in question." The respondent, on the other hand, contends that the action in the justice's court was in effect dismissed and commenced anew in the circuit court, and that the fact that no summons was issued in the circuit court did ·not affect the jurisdiction of that court, as the court had jurisdiction over the subject matter, and, the parties having voluntarily appeared, it acquired jurisdiction over them. We are inclined to the opinion, however, that the appellant is right in his contention. It is true that the plaintiff might have commenced his action in either court,but, having elected to proceed in the justice's court, the law has provided no method of transferring the case from that court to the circuit court, except upon an appeal taken after a judgment has been rendered in the former court, or when a question of boundaries or of title to land is raised by the answer. It is clear that the parties could not by stipulation waive notice of appeal from the justice's court to the circuit court, or the undertaking on appeal. Gold St. v. Newton, 2 Dak. 39, 3 N. W. 311; Brown v. Railway Co., 10 S. D. 633, 75 N. W. 198; Erpenbach v. Railway Co., 11 S. D. 201,

76 N. W. 923.  The proceedings, therefore, so far as it was attempted to transfer the case from the justice's court to the circuit court, were null and void, and did not confer any jurisdiction upon the circuit court.

The question next presented is, could the parties by stipulation institute a new suit in the circuit court court without the issuance of summons?  In this state a civil action in the circuit court is commenced by the service of a summons.  Section 4892 Comp. Laws.  Section 4893, Id., provides the requisites of a summons.  Section 4904, Id., provides:  "From the time of the service of a summons in a civil action, or the allowance of a provisional remedy, the court is deemed to have acquired jurisdiction and to have control of all the subsequent proceedings.  A voluntary appearance of a defendant is equivalent to personal service of the summons upon him."  The last clause of the section contemplates the existence of a summons, and simply dispenses with the service of the same where there is a voluntary appearance of the party.  In many of the states, including California and others of the Pacific coast states, an action is commenced by the filing of the complaint.  Of course, in such a case the issuance of a summons is not absolutely essential, if a party defendant voluntarily appears and answers the complaint.  But when, as in this state, an action is commenced by the issuance and service of a summons, there can be no action over which the circuit court has jurisdiction until a summons has been issued and served, except in the class of cases provided for in section 4904, above quoted, and in section 4858, Id., which provides that:  "An attempt to commence an action is deemed equivalent to the commencement thereof when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other officer of the county in which the defendants or one of them usually or last resided.  *  *  *  But

such an attempt must be followed by the first publication of the summons or the service thereof within sixty days." This section is found under the head of "Limitation of Time of Commencing Actions." Neither this section nor the former one has any application to the case at bar. By sections 5540-5542, Id., parties may submit to the court, without action, any question of difference between them; but in such case there must be an agreed statement of facts, and the proceedings must be had in conformity with the statute. These are the only sections called to our attention by which jurisdiction may be acquired by the circuit court without the actual service of a summons, and it will be noticed that nowhere in the code is it provided that parties may by stipulation, other than the submission of an agreed case, call into exercise the jurisdiction of the circuit court until a summons has first been issued—in other words, until there is an action in the court; and we can conceive of no action in the circuit court under our system unless the initiatory proceeding of issuing a summons has been taken. It is true that in this case the defendant seems to have proceeded with the trial of the case in the circuit court without objecting to the jurisdiction of that court, but, as has been often said by this court, consent will not give jurisdiction to a court over the subject matter of an action. That jurisdiction can only be acquired in the manner provided by law. The circuit court, therefore, in proceeding to try the case, was acting entirely without jurisdiction, and its judgment is null and void. The judgment of the court below is reversed, and that court is directed to dismiss the action.