JACOBS et al, Appellants, v. QUEEN INS. COMPANY OF AMERICA, Respondent.

SAME, Appellants, v. CONTINENTAL INS. COMPANY, Respondent.

(213 N. W. 14.)

(File No. 6010, 6011.   Opinion filed April 11, 1927.)

1. **Process—Attorney—Statute Authorizing Nonresident Attorneys To Conduct Cases Without License to Practice in State Held Not To Modify License Statute As Respects Institution of Suit (Rev. Code 1919, §§ 2329, 2330, 5253, 5259).**

    Rev. Code 1919, § 5259, authorizing appearance and conduct of case by member of bar of another state without obtaining license to practice law in state, does not modify section 5253, requiring license as respects institution of suit by issuance and service of summons, subscribed by plaintiff or his attorney, under sections 2329, 2330.

2. **Process—Summons—Summons Signed Only By Nonresident Attorney, Not Admitted to Practice in State Is Nullity; "Plaintiff or His Attorney" (Rev. Code 1919, §§ 2330, 5253).**

    Summons signed only by Minnesota attorney, not admitted to practice in South Dakota, is not signed by "plaintiff or his attorney" within Rev. Code 1919, § 2330, and is a nullity, in view of section 5253.

3. **Judgment—Radically Defective Process Will Not Support Judgment.**

    Process which is radically defective is equivalent to no process, and will not support judgment.

**4.    Process—Void Process is Not Amendable.**

Voidable process may be made perfect by amendment, but void process is not amendable.

**5.    Process—Summons Signed Only By Nonresident Attorney Not Admitted to Practice in State Held Not Amendable By Adding Names of Resident Lawyers.**

Summons signed only by nonresident attorney, not admitted to practice in South Dakota, being void, court did not err in refusing to permit amendment thereof by adding names of resident attorneys.

Note.—See, Headnote (1) and (2), American Key-Numbered Digest, Process, Key-No. 39, 32 Cyc. 440; (3) Judgment, Key-No. 17 (9), 33 C. J. 51; (4) and (5) Process, Key-No. 163, 32 Cyc. 531.

On the rule as to whether void process is amendable see 21 R. C. L. 1326.

Appeals from Circuit Court, Edmunds County; Hon. J. H. Bottum, Judge.

Actions by Samuel Jacobs and another against the Queen Insurance Company of America and the Continental Insurance Company, respectively. From an order quashing, and denying leave to amend, the summons, plaintiffs appeal. Affirmed.

*McNulty, Williamson & Smith,* of Aberdeen, and *Harry A. Hageman,* of St. Paul, Minn., for Appellants.

*Corrigan & Walton,* of Aberdeen, for Respondents.

GATES, J.    In No. 6011 the appeal is by plaintiffs from an order quashing the summons and denying leave to amend the summons.

The summons was signed as follows:

"Harry A. Hageman, attorney for plaintiffs.    Residence, 835 Laurel Ave.    Office, 1508 Merchants' Bank Bldg., St. Paul, Minnesota."

The body of the summons required defendant "to serve a copy of your answer to the said complaint on the subscriber at his office in the city of St. Paul in the county of Ramsey and in the state of Minnesota."

Mr. Hageman had not been admitted to practice law in the courts of this state. Section 2330, Rev. Code 1919, provides (italics ours) :

*"Requisites of Summons.* The summons shall be subscribed *by the plaintiff or his attorney,* and directed to the defendant, and

shall require him to answer the complaint, and serve a copy of his answer on the person whose name is subscribed to the summons, *at a place within the state, to be therein specified,* in which there is a postoffice, within thirty days after the service of the summons, exclusive of the day of service."

Before the time for answer expired, defendant appeared specially for the purpose of objecting to the jurisdiction of the court, and moved to quash the summons, for that it was not signed by an attorney admitted to practice in this state, and for that the summons required the service of answer at a point without the state. Plaintiffs countered with a motion to amend the summons by adding the names of McNulty & Campbell, attorneys of this state, and by amending the recital in the summons so that it would require answer to be served at their office in the city of Aberdeen in this state. Both motions were heard together, and the court entered an order granting defendant's motion to quash and denying the motion of plaintiffs to amend. Therefrom plaintiffs appeal.

[1] A civil action in the circuit court must be commenced by the issuance and service of a summons. Rev. Code 1919, § 2329.

In Ramsdell v. Duxberry, 14 S. D. 222, 85 N. W. 221, this court said:

"In many of the states, including California and others of the Pacific coast states, an action is commenced by the filing of the complaint. Of course, in such a case the issuance of a summons is not absolutely essential if a party defendant voluntarily appears and answers the complaint. But when, as in this state, an action is commenced by the issuance and service of a summons, there can be no action over which the circuit court has jurisdiction until a summons has been issued and served, except in the class of cases provided for in section 4904 [Comp. L. 1887], and in section 4858 [Id.]."

The summons shall be subscribed by the plaintiff or his attorney. Rev. Code 1919, § 2330.  Section 5253, Rev. Code 1919, says:

"No person shall be permitted to practice as an attorney and counselor at law in any court of record within this state, either by using or subscribing his own name or the name of any other per-

son, without having previously obtained a license for that purpose from the Supreme Court of this state."

Another section of Statute (section 5259, Rev. Code 1919) provides:

"Any member of the bar of any state, actually engaged in any case or matter pending in any court in this state, may be permitted by such court to appear in and conduct such case or matter, while retaining his residence in such other state, without being subject to the foregoing provisions of this article: Provided, he have associated with him a member of the bar of this state."

Of course it needs no comment to show that this section is not a modification of section 5253 in so far as the institution of suit is concerned.

[2] Manifestly, a summons signed only by a Minnesota attorney who has not been admitted to practice in the courts of this state is not signed "by the plaintiff or his attorney." The so-called summons was a nullity, and of no more force than if signed by a mere layman. Francis v. Knerr, 149 Minn. 122, 182 N. W. 988.

[3, 4] Process which is radically defective is equivalent to no process, and will not support a judgment. 33 C. J. 1089. All voidable process may be made perfect by amendment, but void process is not amendable. 21 R. C. L. 1326. We are not unmindful of a decision cited by appellant in a case similar to this, viz., Hammond-Chandler Lbr. Co. v. Industrial Com., 163 Wis. 596, 158 N. W. 292, but that opinion says:

"Our conclusion is that the rule that a void proceeding is not amendable applies only where there is no power to do the thing which was attempted to be done."

[5] Here there was no power on the part of the nonresident attorney to sign a summons in a suit in this state nor to cause a summons to be issued. In this case the so-called summons was void, and therefore not the subject of amendment, and the trial court did not err in refusing to permit amendment.

The order appealed from is affirmed.

In No. 6010, which is a like case, except as to the name of defendant, the same judgment will be entered.

POLLEY, SHERWOOD, and BURCH, JJ., concurring.

CAMPBELL, P. J., not sitting.