**Nellie STRONG, Appellant,**

v.

**GILSTER MARY LEE CORP.
Respondent.**

**No. ED 77147.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 5, 2000.

236

Kelly Woods, John Turner & Associates, Belleville, IL, for appellant.

Paul V. Gilbert, Thomasson, Gilbert, Cook & Maguire, Cape Girardeau, MO, for respondent.

RICHARD B. TEITELMAN, Presiding Judge.

The issue in this case is whether the Labor and Industrial Relations commission erred in dismissing, and treating as a "nullity," an appeal filed on behalf of a workers' compensation claimant by a non-resident lawyer who was not licensed to practice in Missouri and who failed to comply with Missouri's "Rules on Practice by Nonresident Attorneys." We affirm.

### FACTS AND PROCEDURAL BACKGROUND

In 1992 Nellie Strong (Appellant) filed a claim with the Missouri Division of Work-

ers' Compensation (Division), in which she alleged that she had suffered injuries to her neck, shoulder and spine while moving a load of pallets at the warehouse of her employer, Gilster Mary Lee Corporation (Respondent) in Perryville, Missouri.

■ On February 18, 1999, after Appellant's workers' compensation claim had previously been set on four different dismissal dockets, and following a further case setting at which both Appellant and her attorney failed to appear, a legal advisor with the Division entered an Order of Dismissal, dismissing Appellant's claim with prejudice for failure to prosecute.[1]

On March 5, 1999, John Turner, pursuant to § 287.480 RSMo Cum.Supp.1999 and § 287.655 RSMo 1994,[2] filed an Application for Review with the Labor and Industrial Relations Commission on behalf of Appellant, seeking to reverse the Order of Dismissal and reinstate Appellant's claim. Appellant's signature did not appear on the Application; rather, it was signed solely by Mr. Turner as "Attorney for Petitioner." Mr. Turner is a lawyer who is licensed to practice law in Illinois but not in Missouri; his law firm, John Turner & Associates, is located in Belleville, Illinois. Though Appellant herself received notice, the Application alleged that Mr. Turner did not receive notice of the hearing which resulted in the Order of Dismissal. In further elaboration, the Application explained that one of Mr. Turner's former employees, Joseph A. Bassy, had earlier represented Appellant in the matter, but had been discharged by Mr. Turner and then was subsequently disbarred in the States of both Missouri and Illinois. The Application stated that Mr. Bassy had previously advised Mr. Turner that he (Bassy) had informed the Division that all further notices in the matter of Appellant Strong's workers' compensation claim were to be mailed to Mr. Turner, but that this had not been done, in that the Order of Dismissal showed on its face that it had not been mailed to Mr. Turner.

On March 24, 1999 the Commission issued an order finding that the allegations contained in the Application for Review did not constitute a record sufficient for the Commission to base a decision, but that the allegations required an evidentiary hearing. Accordingly, the Commission remanded the matter back to the Division, with directions to conduct an evidentiary hearing and then forward the evidence to the Commission for its consideration.

On June 15, 1999, pursuant to the Commission's directive, the Division held the hearing on Appellant's Application for Review. Mr. Turner appeared at the hearing; Appellant did not appear. The record indicates that Mr. Turner both testified as a witness at the hearing in support of the Application for Review, and also acted as an advocate for Appellant's position. He testified that he had not received notice of the earlier hearing resulting in the Order of Dismissal, citing in more detail the circumstances alluded to in the written Application. He argued that these circumstances constituted good cause or reasonable excuse for the lack of appearance, by him or anyone associated with his firm, at that earlier hearing on behalf of Ms. Strong. The issue of Mr. Turner's authorization to practice law in Missouri was not raised at the hearing of June 15, 1999. A transcript of the hearing was prepared and forwarded to the Commission.

On July 27, 1999, the Commission sent a letter to Mr. Turner by certified mail re-

---

1. In entering this order, the legal advisor was acting pursuant to his capacity as an associate administrative law judge, § 287.616.2 RSMo 1994, and the authority vested in him to enter such orders pursuant to § 287.655 RSMo 1994. Such a dismissal is an "award," for purposes of the statute requiring that any application for review must be filed with the Commission within 20 days of the date of an award. *Mosby v. Treasurer of State of Missouri*, 954 S.W.2d 11, 12 (Mo.App. E.D.1997).

2. All further statutory citations are to RSMo 1994 unless otherwise noted.

questing that he advise the Commission of his Missouri bar number. Mr. Turner never acknowledged or responded to this letter.

On October 12, 1999, the Commission issued an order dismissing Appellant's Application for Review for want of jurisdiction. In its order the Commission noted that Mr. Turner's address was in Illinois; that no Missouri bar number was listed in the Application for Review; that *only* Mr. Turner signed the Application for Review; and that 8 CSR 20–3.030(1) provides, inter alia: "An application for review shall be signed by the applicant or the applicant's attorney." The Commission found that Mr. Turner "has not demonstrated that at the time he filed the Application for Review he was licensed to practice law in Missouri or had complied with the rules on practice by nonresident attorneys." Citing several Missouri cases the Commission concluded that it had "no jurisdiction" to consider the issues raised by the Application for Review and that the Application must be treated as a "nullity."

■ Thereafter, on October 18, 1999, Mr. Turner filed with the Commission a "Motion To Reconsider And Set Aside Dismissal," together with two closely related accompanying motions, one styled "Petition to Appear Pro Hac Vice" and the other styled "Substitution Of Counsel." These motions requested that the Commission set aside its October 12, 1999 order of dismissal, and either: (a) allow Mr. Turner to "retroactively" enter a pro hac vice appearance on behalf of Appellant, retroactive to the date when he first filed the Application for Review, or (b) allow a junior member of his firm, Ms. Kelly Woods, who is licensed to practice law in Missouri, to "retroactively" substitute herself as counsel for Appellant in the matter, so that the Application for Review would in effect be treated as having been filed by Ms. Woods rather than Mr. Turner. On October 22, 1999, the Commission denied these motions without comment. This appeal follows.[3]

## DISCUSSION

Upon review of a decision of the Commission, we may modify, reverse, remand for rehearing, or set aside an award only if: (1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts as found by the Commission do not support the award; or (4) there was not sufficient competent evidence in the record to warrant making the award. § 287.495.1 RSMo.

In her sole point on appeal, Appellant contends the Commission erred in dismissing her Application for Review. The Commission's decision was based on its determination that Mr. Turner was without authority under Missouri law to legally represent Appellant. We thus are confronted in this case with two fundamental questions: (1) Did Mr. Turner's actions constitute the unauthorized practice of law? (2) If so, then what is the effect of that violation on this proceeding?

### I.   Unauthorized Practice of Law

■ "Missouri has adopted a policy that the practice of law and the doing of law business, both in and out of its courts, shall be limited to persons with specific qualifications and duly licensed as attorneys." *DePass v. B. Harris Wool Company,* 346 Mo. 1038, 144 S.W.2d 146, 148 (banc 1940).

■ The Supreme Court is the final arbiter in determining what constitutes the practice of law. *Reed v. Labor and Industrial Relations Commission,* 789 S.W.2d 19, 20 (Mo. banc 1990). As such, it has the

---

3. § 287.495 RSMo Cum.Supp.1999 authorizes an appeal from a "final award" of the Commission. For purposes of appealability, a "final award" is one that disposes of the entire controversy between the parties. *Smith v. Smiley Container Corp.,* 997 S.W.2d 126, 128 n. 1 (Mo.App. S.D.1999). The decision here is appealable since the Commission's order of October 12, 1999 has the effect of terminating Appellant's claim against Respondent for workers' compensation benefits.

inherent power not only to define and declare what is the practice of law, but to regulate the Bar and establish rules "to prevent the practice of law by laymen or other unauthorized persons." *Hoffmeister v. Tod*, 349 S.W.2d 5, 11 (Mo. banc 1961). In this regard the Legislature may aid the Supreme Court by providing penalties for the unauthorized practice of law, and for that purpose may statutorily define the practice of law so long as the statutory definitions do not conflict with the Supreme Court's rulings, see § 484.010 RSMo;[4] but the Legislature may not in any way hinder, interfere with or frustrate the Court's inherent power to regulate the practice of law. *Id.; Risbeck v. Bond*, 885 S.W.2d 749, 750 (Mo.App. S.D.1994).

█ With respect to legal representation and the practice of law, individuals and corporations are treated differently. A layman may represent himself in legal proceedings, although he may not, even on a single occasion, represent another, whether or not for consideration. *Risbeck v. Bond*, 885 S.W.2d at 750; *Liberty Mutual Ins. Co. v. Jones*, 344 Mo. 932, 130 S.W.2d 945, 955 (banc 1939). In contrast, a corporation may not represent itself but must act solely through licensed attorneys. *Reed v. Labor and Industrial Relations Commission*, 789 S.W.2d at 21; see also generally, Jay M. Zitter, Annotation: *Propriety And Effect Of Corporation's Appearance Pro Se Through Agent Who Is Not Attorney*, 8 A.L.R.5th 653 (1992). It necessarily follows from these principles that a natural person who does *not* represent him or herself in a proceeding may only be represented in that proceeding (if at all) by a properly licensed attorney, when the representational activities undertaken by the person's advocate amount to the practice of law.

█ There can be no doubt that the representational activities undertaken on Appellant's behalf in this matter by Mr. Turner, both in preparing and filing the Application for Review with the Commission, as well as appearing on her behalf at the hearing of June 15, 1999, amount to the practice of law. This is so because those activities involved the application of legal knowledge and skill and the assertion of legal rights and claims. See *Reed v. Labor and Industrial Relations Commission*, 789 S.W.2d at 22; *Hoffmeister v. Tod*, 349 S.W.2d at 16; 7 Am Jur 2d, *Attorneys at Law*, § 125 (1997); and Michelle A. Pinkowski, Annotation: *Handling, Preparing, Presenting, Or Trying Workers' Compensation Claims Or Cases As Practice Of Law*, 58 A.L.R.5th 449 (1998).

Although it is thus apparent that Mr. Turner's actions on behalf of Ms. Strong constituted the practice of law, Appellant offers two arguments as to why those actions did not constitute the *unauthorized* practice of law.

█ First, Appellant argues, it is not unauthorized practice because, even though Mr. Turner himself is not licensed to practice law in Missouri, he was simply "acting as an agent" of his law firm, a firm which at all relevant times included at least two members who were duly licensed to practice in Missouri. Citing out of context a snippet from the recent case of *Eisenberg v. Redd*, 2000 WL 270581 (Mo. App.E.D.,2000),[5] Appellant states:

4. Section 484.010.1 RSMo reads:

1. The "practice of law" is hereby defined to be and is the appearance as an advocate in a representative capacity or the drawing of papers, pleadings or documents or the performance of any act in such capacity in connection with proceedings pending or prospective before any court of record, commissioner, referee or any body, board, committee or commission constituted by law or having authority to settle controversies.

5. The Westlaw citation number for *Eisenberg* is 2000 WL 270581 (Mo.App. E.D.2000); as of the date of this opinion, the *Eisenberg* opinion had not yet been released for publication in the permanent law reports since it was still subject to a pending motion for transfer filed with the Supreme Court on May 18, 2000,

240

[W]hen the [Application for Review] was signed by Mr. Turner for the appellant, as an agent of the firm, it was being signed by the firm, and thus by the Missouri licensed attorneys who were employees of the firm. The law firm was a single entity composed of its various parts. The attorneys practiced as part of the firm and not as individuals.... The firm could obviously be held liable for any malpractice committed by its partners or associates committed in Missouri. So logic, balance and fairness would seem to dictate that the law firm's attorneys should be able to act on behalf of the firm and its clients when signing pleadings in Missouri cases *whether or not they themselves are licensed in Missouri,* so long as [other] members of associates of the firm were licensed to practice law in Missouri. (emphasis ours)

■ This argument is without merit. Law firms don't represent clients; lawyers do. The case relied upon by Appellant, *Eisenberg v. Redd, supra,* is inapposite; it deals with principles of partnership liability in the context of a contract dispute and has no relevance to the issues concerning unauthorized practice of law raised by the case at bar. Appellant has cited no authority—because there is none—for the proposition that a nonresident attorney, who is not licensed to practice law in Missouri, and who has not even secured permission to practice pro hac vice under the procedure provided for by Rule 9.03,[6] may nonetheless file pleadings and practice law in Missouri merely because another member of his firm is licensed to practice in

Missouri. Supreme Court Rule 9.01 expressly provides that nonresident attorneys may not practice law in Missouri except as provided for in Rules 9.02 through 9.04. A nonresident attorney who is unlicensed to practice in Missouri, and who has also failed to comply with the requirements of Rule 9.03 in obtaining permission to appear in a given case pro hac vice, is thus unauthorized to file any pleadings in the case. *State ex rel. Mather v. Carnes,* 551 S.W.2d 272, 288 (Mo.App. 1977). Such an attorney is as much engaged in the unauthorized practice of law as would be "a mere layman." *Jacobs v. Queen Ins. Co.,* 51 S.D. 249, 213 N.W. 14, 15 (1927).

■ Appellant next argues that the language of the regulation cited by the Commission in its order of dismissal, 8 CSR 20–3.03(1) (1999), does not require dismissal under the circumstances of this case. That regulation, which provides the procedure for appeals to the Commission from a final award, order or decision of an administrative law judge of the Division of Workers' Compensation, states in pertinent part: "An application for review shall be signed by the applicant or the applicant's attorney. An application filed on behalf of a corporation shall be signed by an attorney licensed in Missouri." Appellant argues that since the regulation expressly requires that only a corporation's application shall be filed by an attorney licensed in Missouri, it therefore must be read as necessarily implying that an individual's application may be signed by an

and thus might be later modified, superseded or withdrawn. The reader is cautioned that until and unless that motion is finally denied, *Eisenberg* is not yet final. We mention it here only to give a fair and accurate summary of the main argument raised by Appellant. The passage Appellant cites from *Eisenberg* states that "a law firm is not a legal entity separate from the individual partners." *Eisenberg v. Redd,* 2000 WL 270581, at *4.

6. Rule 9 addresses the practice of law in Missouri by nonresident attorneys. Rule 9.01

prohibits nonresident attorneys from practicing law or doing law business in this state "except as provided in Rules 9.02, 9.03 and 9.04." Rule 9.02 pertains to nonresident attorneys who are licensed to practice in Missouri. Rule 9.03, entitled "Visiting Attorney Appearing In A Particular Case," deals with the procedure by which nonresident attorneys who are not licensed to practice in Missouri may obtain pro hac vice permission to appear and practice in this state in a particular case.

attorney who is not licensed in Missouri, even when that attorney has failed to meet the requirements of Rule 9.03.

We disagree. Appellant's proffered interpretation of the regulation is not reasonable. This Court reads the regulation as consistent with the recognized law that nonresident attorneys may only practice in Missouri if they comply with the requirements established by our Supreme Court in Rules 9.01 through 9.04. The regulatory language in question is a result of the *Reed* case, wherein the Supreme Court sought to emphasize that only attorneys, and not laymen, may represent a corporation. See *Reed v. Labor and Industrial Relations Commission,* 789 S.W.2d at 19. Even if the regulatory language in question were to be construed as Appellant suggests, the regulation would to that extent be void, since the Commission is without power to permit attorneys to practice before it when such practice is unauthorized by the Supreme Court. *Hoffmeister v. Tod,* 349 S.W.2d at 17; see also 58 A.L.R.5th 449, § 6(b).

### II. Effect of Violation

■ Although courts have on occasion expressed understandable reluctance to permit a representative's unauthorized practice to defeat the meritorious claims of an innocent party, and dismissal of proceedings may not be required in all cases in which one not authorized to practice law has acted in a representative capacity before a court or other legal tribunal, nevertheless, the general rule is that such unauthorized practice will normally require dismissal of the action or voidance of the judgment. See Vitauts M. Gulbis, Annotation: *Right Of Party Litigant To Defend Or Counterclaim On Ground That Opposing Party Or His Attorney Is Engaged In Unauthorized Practice Of Law,* 7 A.L.R.4th 1146 (1981). Proceedings by a person unauthorized to practice law are a "nullity," and hence may properly be dis-

missed. 7 C.J.S. *Attorney and Client* § 31, p. 869 (1980).

■ Missouri courts have adhered to this general rule. While some cases present special circumstances that may allow an exception to the rule,[7] the normal effect of a representative's unauthorized practice on behalf of a party is to require dismissal of the cause or to treat the particular actions taken by the representative as a nullity. See, e.g., *State ex rel. Mather v. Carnes,* 551 S.W.2d 272, in which it was held that the pleadings filed by an attorney not licensed to practice in Missouri, nor authorized to practice under Rule 9.03, were a nullity. *Id.* at 288. See also, *Risbeck v. Bond,* 885 S.W.2d at 750; *Sellars By and Through Booth v. Denney,* 945 S.W.2d 63, 66 (Mo.App. S.D.1997); and *Wright v. State ex rel. Patchin,* 994 S.W.2d 100 (Mo.App. S.D.1999). In *Patchin* it was held that pleadings filed in a civil matter by a non-Missouri licensed attorney "renders his actions a nullity as an attorney on behalf of his client," and justified the trial court's dismissal of the action. *Id.* at 101–102.

■ Appellant has offered no reason that would permit an exception to the general rule in this case. Appellant's counsel took no action to attempt to address the serious problem regarding his unauthorized practice, although he was advised of the problem by the Commission in a letter nearly three months earlier, until after the Commission entered its Order of Dismissal. In the face of such derelict performance on the part of her counsel, Appellant now argues that the Commission should have granted her post-dismissal motion that Mr. Turner be allowed to enter a "retroactive" pro hac vice appearance in the matter, relating back to the date when he originally filed the Application for Review. However, Rule 9.03 provides no authority, either express or implied, for a retroactive filing. Similarly, Appellant's

---

7. An example of such an exception is the well-reasoned decision in the case of *Mikesic v.* *Trinity Lutheran Hospital,* 980 S.W.2d 68, 73–74 (Mo.App. W.D.1998).

argument that the Commission should have granted her motion to retroactively substitute counsel in the matter, so that the Application for Review would be deemed amended to reflect that it was originally filed by one of the attorneys in Mr. Turner's office who was licensed to practice law in Missouri, is without merit. While such a solution might be reasonable if the Commission had authority to grant a party leave to amend her Application for Review once the 20-day statutory time limit has elapsed, the Commission lacks such authority. *Smith v. Smiley Container Corp.*, 997 S.W.2d 126, 130–31 (Mo.App. S.D.1999).

## CONCLUSION

For the foregoing reasons, we hold the Commission did not err in entering its October 12, 1999 Order of Dismissal. The decision of the Commission is affirmed.

CLIFFORD H. AHRENS, J. and LAWRENCE E. MOONEY, J., concur.