Michael HAISLAR, Claimant/Appellant,

v.

HAISLAR CONSTRUCTION CO., INC.
and Division of Employment
Security, Respondents.

No. ED 84535.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 31, 2004.

Michael Haislar, St. Louis, MO, for Appellant.

Cynthia A. Quetsch, Jefferson City, MO, for Respondents.

GEORGE W. DRAPER III, Chief Judge.

Michael Haislar (Claimant) appeals the Labor and Industrial Relations Commission's decision denying his application for review. Because Claimant's application for review to the Commission was untimely, we are divested of jurisdiction and must dismiss his appeal.

In five separate, but related cases, a deputy in the Division of Employment Security found Claimant was ineligible for unemployment benefits, ordered him to repay benefits he had previously received, and cancelled his accrued wage credits. Claimant appealed all of the cases simultaneously to the Appeals Tribunal, which dismissed the appeals on March 2, 2000. On April 9, 2000, Claimant filed by facsimile transmission (fax) a joint application for review with the Labor and Industrial Relations Commission. The Commission denied the application because it was not received within the statutory time limit. Claimant appeals.

■ Section 288.200, RSMo 2000 requires a claimant to file an application for review by the Commission within thirty days after the Appeals Tribunal mails its decision. A faxed application for review is deemed filed on the date the Division's fax machine receives it. 8 C.S.R. 20–4.010(1)(C). Here, the Appeals Tribunal mailed its decision on March 2, 2004, which made Claimant's application for review due on April 1, 2004. The record on appeal shows Claimant faxed an application for review and a letter, both of which bear a fax transmittal date of April 9, 2004, which is untimely.

■ The timely filing of an application for review is jurisdictional. *Goodrich v. Division of Employment Security*, 83 S.W.3d 70, 70–71 (Mo.App. E.D.2002). We issued a show cause order directing Claimant to show cause why his appeal should not be dismissed because his application for review appeared untimely. In response, Claimant asserts he did file a "timely" application for review, but was later told it was invalid because it was unsigned. According to him, when he learned about this defect, he signed his application and retransmitted it on April 9th, along with a letter, in which he stated, "I previously faxed my appeal in, I was then told it was not signed, so I refaxed it signed."

However, neither that letter nor Claimant's response to our show cause order specified the date he allegedly faxed the unsigned application. Claimant offers no evidence to support his assertion that he timely filed an application for review. The record on appeal contains no evidence that an unsigned application ever existed, let alone evidence of the date the Division received it. After receiving Claimant's unsupported response, we directed the Commission to provide us with any additional documents Claimant filed, particularly any signed or unsigned applications for review.

The only new document in the Commission's subsequent Supplemental Legal File was a fax cover sheet dated April 9, 2004. Accordingly, the record before us does not indicate that Claimant's application for review was faxed before April 9, 2004. The only application for review in the record was faxed on April 9, 2004, which is untimely. We are bound by this record on appeal.

■ Even so, even if Claimant did file an unsigned, application for review in a timely manner, that application would have been invalid. In *Strong v. Gilster Mary Lee Corp.*, 23 S.W.3d 234, 241–242 (Mo. App. E.D.2000), an application for review of a workers' compensation claim was signed by a nonresident attorney who was not licensed to practice law in Missouri. On appeal, this Court held the application had not been "signed by the applicant or the applicant's attorney," as mandated by 8 CSR 20–3.030(1). *Id.* at 240–241. As such, the application was a nullity and the Commission lacked jurisdiction to consider it. Id. at 242. This Court concluded that once the statutory time limit for filing an application elapsed, the Commission lacked authority to grant Strong leave to amend her application to add the signature of a licensed attorney. *Id.*

*Strong* is analogous to this case. Like the signature regulation *Strong* relied upon, the unemployment regulations provide "an application for review [of a claim for unemployment benefits] shall be signed by the claimant or . . . a licensed Missouri attorney." 8 CSR 20–4.010(1)(A). As in *Strong,* no authorized person signed Claimant's initial application. Thus, the Commission lacked jurisdiction to consider this null application, if it existed. *Strong,* 23 S.W.3d at 242. In addition, the Commission lacked authority to treat Claimant's April 9 application as an amendment of any timely, but unsigned, application. *Id.*

The record establishes that Claimant did not file his application for review until April 9, eight days past the time limitation enunciated in section 288.200. Moreover, that statute provides no mechanism for extending the deadline for filing an application for review. *Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). Claimant's failure to file his application in a timely manner divested the Commission of jurisdiction. *Id.* As our jurisdiction derives from that of the Commission, we also lack jurisdiction. *Id.*

We dismiss the appeal for lack of jurisdiction.

LAWRENCE G. CRAHAN and GLENN A. NORTON, JJ., concur.