CMR CONSTRUCTION & ROOFING, LLC, Appellant,

v.

DIVISION OF EMPLOYMENT SECURITY, Respondent.

No. WD 64916.

Missouri Court of Appeals, Western District.

Nov. 1, 2005.

Burton Donald Garland, Jr., Charles H. Morgan, III, St. Louis, for Appellant.

Marilyn Gail Green and Ninion Riley, Jefferson City, for Respondent.

RONALD R. HOLLIGER, Presiding Judge.

CMR Construction appeals a Labor and Industrial Relations Commission decision dismissing CMR's appeal from the Division of Employment Security as untimely. Because the record indicates that the Commission failed to consider whether the Division may have received a timely motion to set aside a dismissal of CMR's appeal to the Appeals Tribunal, we find insufficient evidence to support the Commission's decision. Reversed and remanded.

## Facts

This is a direct appeal from the Labor and Industrial Relations Commission pursuant to Section 288.210, RSMo 2000. The case originates from CMR Construction's (CMR) attempt to appeal a determination made by the Division of Employment Security (the Division) to the Division's Appeal's Tribunal. CMR's appeal to the Tribunal was dismissed when CMR failed to appear at a hearing on the matter. CMR then appealed the Tribunal's decision to the Labor and Industrial Relations Commission ("the Commission"), which denied review as untimely. Much of the evidence contained in filings before the Commission was disputed and the parties have impermissibly tried to supplement that record in this court. Because of the unusual procedural posture of this case we will first discuss the evidence and record that is apparently undisputed and that was before the Commission.

In June of 2004, the Division issued a Notice of Liability to CMR. The Notice stated that CMR was an employer subject to Missouri Employment Security Law and, therefore, required to pay unemployment insurance taxes and comply with various reporting requirements. CMR filed an appeal of that determination by letter to the Division's Appeals Tribunal. After an initial postponement, the Division set the matter for hearing on August 19, 2004.

The Division sent a notice of the August 19 hearing to CMR on August 9, 2004. CMR failed to appear at the hearing, and the Division's Appeals Tribunal dismissed the appeal. On August 24, 2004, the Division sent a copy of its decision dismissing the appeal by mail to CMR. A direct appeal to the Industrial Commission as provided in Section 288.200 was not filed until October 27, 2004. Because it was filed more than 30 days after the decision, the appeal was dismissed as untimely. Section 288.200.1, RSMo 2000.

Beyond those bare facts the parties have virtually no agreement. CMR asserted in filings before the Commission that on August 9, when the notice of hearing was mailed by the Division, it was in the process of moving to a different location and was having its mail forwarded. Government mail, CMR asserts, is not forwarded by the Postal Service and, consequently, the August 9 notice of hearing was never received. CMR claims that the Division resent notice of hearing on August 16, 2004, to CMR's new address. CMR asserts that it did not receive this second hearing notice until the day of the hearing, after the scheduled hearing time.

CMR also claims that, the day after receiving notice of the August 19 hearing on August 19, they sent a fax to the Division. CMR claims that this fax indicated that a Division employee had notified CMR by telephone that the appeal had been dismissed because of CMR's failure

to appear. The fax also stated that CMR had not received notice of the hearing until the day of, and requested further relief.

CMR now appeals arguing that the fax constituted a valid notice of appeal to the Commission. Both parties have filed motions during the pendency of this appeal. The Division filed a motion to dismiss on jurisdictional grounds. CMR's motion seeks attorney fees pursuant to Section 536.087. Both motions were taken with the case.

## Standard of Review

We review the decision of the Labor and Industrial Relations Commission. Section 288.210, RSMo 2000. The Commission made no findings in dismissing CMR's application for review as untimely. This court may modify, reverse, remand for rehearing, or set aside the decision of the Commission upon the following limited grounds:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

Section 288.210(1)–(4), RSMo 2000. "A court must examine the whole record to determine if it contains sufficient competent and substantial evidence to support the award, i.e., whether the award is contrary to the overwhelming weight of the evidence." *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222–23 (Mo. banc 2003). Whether an award is sup-

ported by competent and substantial evidence is judged by examining the evidence in the context of the whole record. *Id.* When the facts are undisputed, albeit their significance can be viewed in different ways, the case involves primarily the application of the law to facts, and the court of appeals gives no deference to the Labor and Industrial Relations Commission; rather, the review is de novo. *Stover Delivery Sys., Inc. v. Div. of Employment Sec.*, 11 S.W.3d 685, 688 (Mo.App.1999).

## Discussion

The essential aspect of this dispute turns on what effect, if any, CMR's August 20, 2004, fax transmission would have on preserving CMR's right to review before the Commission. Generally, a timely appeal to the Commission from the Appeals Tribunal must be filed within 30 days "following the date of notification or mailing of such decision." Section 288.200.1, RSMo 2000. An application for review to the Commission may be filed by fax with the Division and must be signed by the claimant, an authorized agent of the claimant, or the claimant's attorney. 8 C.S.R. Section 20–4.010(1)(A)–(C). However, if a party files a motion to reconsider with the Division Appeals Tribunal, and it is not granted, that motion is automatically treated as an application for review to the Commission. 8 C.S.R. Section 10–5.040(5)(A).

No hearing was held before the Commission, and the record we review consists only of what was before the Commission at the time of its decision.[1] This record includes the August 20, 2004, fax sent by CMR and the exhibits presented with CMR's formal October 27, 2004, appeal to the Commission. That appeal was deemed

---

1. Both parties submit affidavits purporting to support their respective positions; yet, these affidavits were sworn after the decision by the Commission and, therefore, not part of the record before the Commission. Thus, they cannot be considered part of the record on appeal, and we decline to consider them here.

untimely because it was filed in excess of 30 days after the mailing of the Appeals Tribunal decision dismissing CMR's appeal. Among the exhibits attached to CMR's formal appeal to the Commission is the original notice of hearing from the Division that CMR contends it did not receive because it had moved to a new address. Also attached is an envelope postmarked August 16, 2004, that CMR claims contained the re-sent notice of hearing that did not arrive until the day that CMR was supposed to appear. Also included is CMR's fax transmission requesting reconsideration of its appeal and claiming that CMR received inadequate notice of the hearing. The Division challenged none of this evidence until here on appeal.

The Division now attacks the validity of CMR's fax in several ways arguing, essentially, that its legal effect is a nullity. Because of the procedural posture of this case, we treat only CMR's factual assertions as true in determining whether, if proven, they would affect the disposition by the Commission. First, the Division asserts that it did not receive the fax and further asserts that, even had it been received, its contents would not have been adequate to rise to the level of an appeal to the Commission because it was not signed.[2] The Division additionally argues that, had CMR's fax been received, it could not constitute an appeal to the Commission because it was sent (August 20) prior to the date of the mailing of the decision (August 24). Therefore, the Division claims, the only attempted appeal to the Commission by CMR was on October 27, 2004, well after the deadline for a timely appeal.

First we address the Division's assertion that the contents of CMR's fax could not constitute a valid appeal to the Commission because the fax was not signed. 8 CSR 20–4.010(1) requires that an application for review to the Commission of a decision by the appeals tribunal be signed. The Division points out that in *Haislar v. Haislar Construction Co.*, 142 S.W.3d 210, 212 (Mo.App.2004), the Eastern District of this court held that a *signed* application for review was jurisdictional. We also note that 8 CSR 10–5.010(3), governing initial appeals to the appeals tribunal requires a signed appeal. The Division has, however, adopted special rules for dismissal of appeals, including where a party fails to appear for a hearing as in the case at bar. 8 CSR 10–5.040. Subsection 3(C) of 8 CSR 10–5.040 provides that, if a request is made or on the hearing officer's own motion, the order of dismissal can be set aside. If the dismissal is set aside in such a manner, the hearing officer shall first determine whether the appellant had good cause for failing to appear and, if shown, the hearing officer must rule on the merits of the appeal. 8 CSR 10–5.040(2)(B) & 3(C). Significantly in our view, the regulation requires a written request to set aside or reconsider the dismissal but says nothing about a signature. 8 CSR 10–5.040(3)(C). The regulation then provides that if a written request (again no mention of signature) is not granted the request shall be treated as an application for review to the Labor and Industrial Relations Commission. 8 C.S.R. Section 10–5.040(5)(A).[3] Again, significantly in our view, 8 CSR 10–5.050 provides that a signed written communication received by the appeals tribunal expressing disagreement with a decision

---

**2.** The bottom of the fax contains a salutation ("sincerely") and the typewritten name of an authorized agent of CMR.

**3.** Obviously to allow the Commission to review the determination whether, in a case such as this, good cause was shown for failing to appear for a hearing and whether the dismissal should be set aside.

reached on the *merits* is treated as an application to the Commission. But that regulation specifically holds that it does not supersede the regulation regarding orders of dismissal.

■ We believe that the Regulations clearly do not require a written request to set aside or reconsider a dismissal (as opposed to a formal appeal) to be signed, and that sound reasons exist as to why the Regulations would make such a distinction. The provisions requiring signature all deal with formal appeals from one level of the division to another. In such situations there are valid reasons for ensuring the validity of an appeal and demanding formality. CMR's initial appeal that began the Division's appellate process was signed. Once the issues have been joined by formal appeal, the concerns regarding validity are largely dissipated and a requirement of a signature (particularly as a jurisdictional matter) makes little sense and could well work substantial injustice on litigants. Thus, assuming *arguendo* that the Division received the fax, the fax would be a written request to set aside a dismissal and, when not granted, it must be treated as an application for review to the Commission even though it was unsigned. *Id.*

Similarly, the Division's argument that CMR's fax was premature is also contrary to the evidence before the Commission. Section 288.200 explicitly allows an appeal to the Commission to be filed within 30 days of *"notification* or *mailing"* of an adverse decision. RSMo 2000 (Emphasis added). The fax itself indicates that a Division employee had notified CMR of an adverse decision on its appeal. If a party can appeal after notification of an Appeals Tribunal decision and need not wait for a mailing, then a party is certainly afforded the same right with regard to moving the Division Appeal's Tribunal to reconsider.

This leaves the only unresolved issue to be a fact question of whether the fax, or motion to reconsider, was actually received by the Division and what the consequence is if it was not. The Commission did not consider this question nor did it consider the evidence of the fax in the record. The Commission only considered the formal appeal of October 27, 2004, and denied it as untimely being filed more than 30 days after the Appeal's Tribunal decision was mailed. Whether the fax was received is an open dispute between the parties. Both sides attempt to introduce evidence on the issue here on appeal, yet this evidence was not before the Commission and, thus, we cannot consider it here. Since there was no hearing held before the Commission and no evidence presented by the Division, we cannot say, as the Division contends, that it did not receive CMR's fax transmission. In the event that it was received it must be considered a motion to set aside the dismissal that the Division did not rule upon and, therefore, a timely application for review to the Commission of the issues presented in the motion. 8 C.S.R. Section 10–5.040(5).

■ In sum, the record before the Commission consists of the fax indicating that CMR had not received adequate notice and asking the Division to reconsider, and other evidence tending to support that position. Thus, there is insufficient evidence to support the Commission's decision to dismiss the appeal as untimely. As the record is insufficient for us to make an adequate determination about whether CMR's request to set aside the dismissal was received by the Division, we remand the matter back to the Commission for a determination on whether the motion was received and, if so, for a determination on whether CMR received adequate notice of the hearing before the Appeals Tribunal

and had good cause for failing to appear for the hearing.

The Division's motion to dismiss is, therefore, denied. CMR's motion for attorney fees pursuant to Section 536.087 is also denied as premature. *See Hutchings v. Roling,* 151 S.W.3d 85, 91 (Mo.App.2004) ("while a fee application is properly filed prior to a final judgment, it is held in abeyance until the adversarial proceeding becomes final").

The decision of the Commission is reversed and remanded for further proceedings consistent with this opinion.

ROBERT G. ULRICH, Judge, and JOSEPH M. ELLIS, Judge, concur.