**John S. RISBECK and Peggy J. Risbeck, Plaintiffs–Appellants,**

v.

**Joseph C. BOND and Cathy E. Bond and William V. Jones and Dena Jones and Ethel B. Jones, and Earle M. Merritt and Eva E. Merritt, Defendants–Respondents.**

No. 18888.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 8, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 29, 1994.

Application to Transfer Denied Nov. 22, 1994.

Kenneth E. Hawley, Attorney in Fact, Rolla, for plaintiffs-appellants.

No appearance for defendants-respondents.

PREWITT, Judge.

Pursuant to motions to dismiss, the trial court dismissed plaintiffs' petition. In their notice of appeal plaintiffs concisely define what occurred saying, "Plaintiff's Attorney-in-Fact filed and signed a Petition To Quiet Title in the name of and in place of plaintiffs. Case dismissed."

In the trial court, and here, as best as we understand appellants' brief, the question is whether an attorney in fact under a durable power of attorney can represent appellants by filing a petition with the court and appearing for them. We conclude that such an attorney in fact, who is not a licensed attorney at law in this state, cannot and affirm the trial court's dismissal.

"Missouri has adopted a policy that the practice of law and the doing of law business, both in and out of its courts, shall be limited to persons with specific qualifications and duly licensed as attorneys." *De Pass v. B. Harris Wool Co.,* 346 Mo. 1038, 144 S.W.2d 146, 148 (banc 1940).

■ An examination of the "Durable Power of Attorney Law of Missouri", §§ 404.700–404.735, RSMo Supp.1993, indicates no authority to an attorney in fact to act as an attorney at law. An attorney in fact under that law may perform such acts as the principal "may carry out through an agent". § 404.710.2. Such an attorney in fact may also employ and compensate an attorney. § 404.710.4. Appellants cite us to no provision of the act authorizing an attorney in fact to act as an attorney at law.

■ Moreover, it is the responsibility of the judiciary to determine what constitutes the practice of law, both authorized and unauthorized. *In re First Escrow, Inc.,* 840 S.W.2d 839, 842 (Mo. banc 1992). The legislature may assist the supreme court by providing penalties for the unauthorized practice of law, see §§ 484.010 and 484.020, RSMo 1986, but the legislature can in no way hinder, interfere, or frustrate the supreme court's inherent power to regulate the practice of law. *In re Thompson,* 574 S.W.2d 365, 367 (Mo. banc 1978); *Automobile Club of Missouri v. Hoffmeister,* 338 S.W.2d 348, 355 (Mo.App.1960).

■ An agent or attorney in fact, who is not an attorney at law, cannot file pleadings for another or otherwise practice law. A natural person, not a licensed attorney at law may represent themselves in court, but not others. *Liberty Mut. Ins. Co. v. Jones,* 344 Mo. 932, 130 S.W.2d 945, 955 (banc 1939); *Property Exchange & Sales v. Bozarth,* 778 S.W.2d 1, 3 (Mo.App.1989). There is a partial exception for applications for writ of habeas corpus. See *State v. Carroll,* 817 S.W.2d 289 (Mo.App.1991).

As plaintiffs' petition was not signed by an attorney at law, see Rule 55.03, and as plaintiffs did not purport to represent themselves, but were represented by a person unauthorized to do so, the trial court properly dismissed the petition. *Property Exchange & Sales v. Bozarth,* supra, 778 S.W.2d at 3. Nothing stated in this opinion should be construed to prevent an attorney in fact from proceeding in court for the principal with a Missouri licensed attorney at law or if the attorney in fact is an attorney at law licensed here. When and how that can occur is not an issue here.

The order dismissing the petition is affirmed.

CROW and PARRISH, JJ., concur.