In the Interest of Rachel SELLARS, a minor child, DOB: 7–31–79, by and through Chris BOOTH, Natural Grandmother, Appellant,

v.

Kelly DENNEY, Respondent.[1]

No. 21250.

Missouri Court of Appeals, Southern District, Division Two.

May 12, 1997.

Chris Booth, for appellant, a minor.

No appearance, for respondent.

CROW, Presiding Judge.

In this case a minor's grandmother undertook to bring an action on behalf of the minor against the minor's mother. The trial court

---

**1.** In this opinion, references to Rules are to Missouri Rules of Civil Procedure (1996). Rule 81.03 reads, in part: "... the title of the action shall not be changed in consequence of the appeal." In obedience to that rule, we title this opinion using the title on the petition filed in the trial court.

granted the mother's motion to dismiss. The grandmother, apparently a non-lawyer, thereafter filed a notice of appeal to this court, followed by a brief for the minor.

The threshold issues we encounter are whether the appeal is properly before us and, if so, whether we may consider the claims of error in the brief. We preface our discussion of those issues with an account of the pertinent facts. As the record on appeal consists solely of a legal file, we glean the facts from it.

On April 8, 1996, Chris Booth ("Booth"), identifying herself as "natural grandmother" of Rachel Sellars ("Child"), filed a petition in the Circuit Court of Taney County naming Kelly Denney ("Denney") as sole defendant. The petition alleged, *inter alia,* that Child was born July 31, 1979, that Denney is Child's "natural mother," and that a "property dispute" exists between Child and Denney. Specifically, pled the petition, Child was provided with $1500 to purchase an automobile for her sixteenth birthday; a vehicle was purchased for Child; and Denney "has confiscated the automobile from [Child] and has placed the automobile for sale" against the wishes of Child. The petition prayed for an order compelling Denney "to cease and desist attempting to sell or barter off the personal properties" of Child.

Rule 52.02 provides, in pertinent part:

"**(a) Civil Actions by Minors, Prosecuted by Whom.** Civil actions by minors may be commenced and prosecuted only by a duly appointed guardian of such minor or, if there is no such guardian, by a next friend appointed in such civil action. . . .

**(b) Next Friend, by Whom Appointed.** The appointment of a next friend for a minor shall be made by the judge of the court in which the civil action is intended to be brought, or by the clerk thereof.

**(c) How Appointed.** Such appointment shall be made on the petition in writing of such minor if of the age of fourteen years and the written consent of the person proposed to be next friend. . . .

**(d) Petition and Appointment to Be Filed Before Further Proceedings.** The petition for the appointment of a next friend, the written consent of the person proposed to be next friend, and the order of appointment, shall be filed in the office of the clerk of the court where the civil action is proposed to be brought before any proceedings shall be had in the cause.

. . . .

**(m) Failure to Appoint Next Friend or Guardian Ad Litem.** Failure to appoint a next friend . . . for a minor . . . shall not invalidate the proceedings if the court finds that the interests of the minor . . . were adequately protected."

Nothing in the record indicates Child filed a petition for appointment of Booth (or anyone else) as next friend for Child. The record contains no order appointing a next friend for Child, and the trial court's docket sheet bears no indication that any such order was entered. Nonetheless, a summons was issued and served on Denney.

Through counsel, Denney filed two motions, one of which was designated "Motion to Dismiss for Lack of Standing." It averred, *inter alia,* that Rule 52.01 requires that every civil action be prosecuted in the name of the real party in interest, that Rule 52.02 requires that civil actions by minors be commenced by only a duly appointed guardian or, if there be none, by a next friend, that Child had filed no petition for appointment of a next friend, and that the action should be dismissed because Booth lacked standing to bring it and was not a real party in interest. Denney's lawyer served notice on Booth that he would call up all pending motions for hearing on August 15, 1996.

On August 14, 1996, Booth filed an application for a 30–day continuance of the hearing. The application was supported by Booth's affidavit.

On August 15, 1996, the trial court entered this order: "Motion to dismiss for lack of standing sustained; cause dismissed at Pltf's cost."

Booth filed a timely notice of appeal identifying herself as the appellant. Thereafter, she filed a brief, signing it "for Rachel Sellers [sic] . . . appellant, *pro se.*"

In addressing the issues identified in the second paragraph of this opinion, our first task is to ascertain, as best we can, the status of Booth in this case.

In one part of the petition, Booth averred it was within the powers of the trial court to "allow this plaintiff/petitioner to maintain this suit on behalf of the minor child pursuant to Missouri Supreme Court Rules VAMR 52.02 ET SEQ."

In a sentence in the argument portion of the "Appellants' Brief," Booth avers she filed the application for a continuance of the hearing scheduled August 15, 1996, because her presence at the hearing was necessary "for the submission of an application for appointment as next friend."

From the averments noted in the two preceding paragraphs, we deduce Booth was endeavoring to bring the action for Child as Child's next friend. However, as reported earlier, nothing in the record suggests Booth was ever appointed next friend. Furthermore, Booth has filed nothing in this court identifying herself as Child's next friend.

We also divine from the record that Booth is not a lawyer. Rule 55.03(a) provides that every pleading shall be signed by at least one attorney of record in the attorney's individual name or, if the party is not represented by an attorney, each pleading shall be signed by the party. The rule further requires that each paper state, *inter alia*, the signer's address and "Missouri bar number." No paper signed by Booth in the trial court and no paper signed by her in this court displays a Missouri bar number. Furthermore, the affidavit Booth appended to the application for continuance averred she was "employed as a long-haul, cross-country truck driver" and consequently could not attend the hearing on the designated date, as she would be "hundreds of miles away."

We thus infer that what we have before us is an ostensible appeal brought on behalf of a minor by a non-lawyer who purports to act as the minor's next friend despite having never been appointed as such.

In *Reed v. Labor and Industrial Relations Commission*, 789 S.W.2d 19 (Mo. banc 1990), the Supreme Court of Missouri held that a non-lawyer employee of a corporation who (a) filed an application for review on behalf of the corporation with the Labor and Industrial Relations Commission, seeking review of an order of an Appeals Tribunal of the Division of Employment Security in a dispute about an employee's right to "unemployment benefits," *id.* at 20, and (b) thereafter presented to the Commission, in letter form, what was tantamount to a brief advocating the corporation's position, was engaged in the practice of law.[2] *Id.* at 22–23. The court proclaimed:

"Any such filings by a lay person on behalf of a corporate employer will be considered untimely filed and null and void."

*Id.* at 23[6].

The instant case, while similar to *Reed*, is not identical. In *Reed*, the non-lawyer filed an application for review and a brief on behalf of his corporate employer. Here, the non-lawyer, a grandparent, filed a notice of appeal and a brief on behalf of her minor grandchild. The question we must decide is whether those differences make the notice of appeal and brief filed by Booth valid instead of void (as in *Reed*).

In *Risbeck v. Bond*, 885 S.W.2d 749 (Mo. App. S.D.1994), *cert. denied*, 514 U.S. 1110, 115 S.Ct. 1963, 131 L.Ed.2d 854 (1995), two individuals gave a non-lawyer a durable power of attorney. 885 S.W.2d at 750. The latter individual ("the agent") thereafter filed a petition in court on behalf of his two principals. *Id.* The court dismissed the petition. *Id.* On appeal by the principals (acting through the agent), this court held:

"An agent or attorney in fact, who is not an attorney at law, cannot file pleadings for another or otherwise practice law. A natural person, not a licensed attorney at law may represent [himself] in court, but not others. . . .

As plaintiffs' petition was not signed by an attorney at law, see Rule 55.03, and as

2. The Supreme Court pointed out that the practice of law was defined in § 484.010.1, RSMo 1986. 789 S.W.2d at 20 n. 1. That section was carried forward unchanged in RSMo 1994, and remains intact.

plaintiffs did not purport to represent themselves, but were represented by a person unauthorized to do so, the trial court property dismissed the petition."

*Id.* at [4, 5] (citations omitted).

Because a non-lawyer attorney-in-fact cannot represent his principals in court, we hold Booth cannot represent Child in this appeal. *Cf. Blue v. People,* 223 Ill.App.3d 594, 165 Ill.Dec. 894, 895, 585 N.E.2d 625, 626 (1992), *cert. denied,* 506 U.S. 1058, 113 S.Ct. 992, 122 L.Ed.2d 143 (1993). We emphasize that we limit our holding to the facts before us, i.e., Booth, a non-lawyer, is neither Child's guardian nor next friend.[3]

Inasmuch as Booth cannot represent Child in this appeal, we hold the notice of appeal and brief filed for Child by Booth are nullities. That being so, it follows from *Reed* and *Risbeck* that the appeal must be dismissed.[4]

Appeal dismissed.

PARRISH, J., and MONTGOMERY, C.J., concur.

---

**3.** Were Booth Child's guardian or next friend, it might be argued that because Child has the right to represent herself, Booth can exercise that right on Child's behalf. We doubt such an argument is valid, but need not decide the question. *See: Blue,* 165 Ill.Dec. at 895, 585 N.E.2d at 626.

**4.** We have not overlooked *Grissom v. Grissom,* 886 S.W.2d 47 (Mo.App. W.D.1994), where three minor children, without a next friend, retained a lawyer to represent them in a contempt proceeding between their parents. *Id.* at 50–53. The appellate court considered the children's claims of error on the merits. *Id.* at 53–57. *Grissom* differs from the instant case in that there, the individual representing the children was a lawyer.